UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHAN WADE,

    Plaintiff,

                                     Case Number:

v.

HILLSBOROUGH COUNTY
A Political Subdivision of the State of Florida

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Nathan Wade, is employed by Defendant, Hillsborough County, and brings this action for recovery of damages arising from discrimination and retaliation, in violation of TAMPA . In further support of his Complaint, Plaintiff states as follows:

### Parties

2. Plaintiff is a Black male and a member of a protected class due to his race.

3. Defendant is a political subdivision of the State of Florida.

4. Defendant employs Plaintiff as a utility maintenance operator.

### Jurisdiction

5. Plaintiff was hired by Defendant in Hillsborough County, Florida on or about February 17, 2014.

6. Plaintiff performs all services and work for Defendant in Hillsborough County, Florida.

7. All facts giving rise to this action occurred in Hillsborough County, Florida.

**Factual Allegations**

8. Plaintiff is a Black male and a member of a protected class due to his race.

9. Defendant hired Plaintiff as a utility maintenance operator in on or about February 17, 2014.

10. As a utility maintenance operator, Plaintiff was employed by Defendant in Defendant's Public Utilities Department.

11. The utilities maintenance operator position is a non-supervisory role wherein Plaintiff does not regularly supervise and manage teams of employees. Instead, Plaintiff (and other persons holding the same tile) performs services for Defendant as an individual contributor and not as a manager.

12. During Plaintiff's employment with Defendant, Plaintiff desired to promote to a supervisory position within Defendant's Public Utilities Department.

13. Prior to becoming employed by Defendant, Plaintiff was employed by the City of Tampa as a high-ranking supervisor in the City of Tampa's Water Department wherein Plaintiff was responsible for managing more than 100 employees.

14. In 2019, while employed by Defendant, Plaintiff became aware that Defendant had an opening for a supervisory role in the Public Utilities Department.

15. The supervisory role required previous management experience, preferably with public utilities.

16. Plaintiff was qualified for the supervisory role due to his extensive management experience with the City of Tampa's Water Department.

17. Thus, Plaintiff applied for the open supervisory position with Defendant. However, Plaintiff was not seriously considered for the role and the position was given to a less qualified

White male. Despite Plaintiff's superior qualifications, Plaintiff was passed over for the supervisory position in favor of the White male.

18. In 2020, while employed by Defendant, Plaintiff became aware that Defendant had an opening for a supervisory role in the Public Utilities Department.

19. The supervisory role required previous management experience, preferably with public utilities.

20. Plaintiff was qualified for the supervisory role due to his extensive management experience with the City of Tampa's Water Department.

21. Thus, Plaintiff applied for the open supervisory position with Defendant. However, once again, Plaintiff was not seriously considered for the role and the position was given to a less qualified White male. Despite Plaintiff's superior qualifications, Plaintiff was passed over for the supervisory position in favor of the White male.

22. At that time, it became apparent to Plaintiff that Defendant had no intention of promoting Plaintiff, or any Black persons, to supervisory or management positions within Defendant's Public Utilities Department.

23. In April 2020, Plaintiff filed a formal written complaint with Defendant alleging that Defendant was discriminating against Plaintiff, and other Black persons, by refusing to hire or promote Black persons into supervisory or management positions within the Public Utilities Department.

24. Plaintiff's complaints caused Defendant to hire an external consultant to investigate Plaintiff's claims of discrimination in the workplace. At the conclusion of the consultant's investigation, the consultant substantiated Plaintiff's claims and determined that Black persons

were woefully underrepresented in supervisory or management roles within Defendant's Public Utilities Department.

25. Thereafter, in 2020 and 2021, Plaintiff applied for supervisory and management positions within Defendant's Public Utilities Department. Defendant instead hired less qualified individuals to fill the positions to which Plaintiff applied after April 2020.

26. Defendant refused to hire Plaintiff in a supervisory or management capacity after Plaintiff's complaints of race discrimination in April 2020.

27. After Plaintiff's April 2020 complaint, Defendant occasionally filled the vacant supervisory or managerial roles with Black persons, however, Defendant refused to promote Plaintiff because Plaintiff made a complaint about race discrimination in the workplace.

28. Defendant's retaliatory action of failing to promote Plaintiff because of his complaints of race discrimination is a direct violation of 42 U.S.C. § 1981. Plaintiff's complaints of race discrimination in the workplace were made in good faith and were protected activities for which he could not legally be punished.

29. Nonetheless, Defendant punished Plaintiff by failing to promote him to a supervisory or managerial position in order to punish Plaintiff for complaining about race discrimination.

30. Plaintiff has complied with all administrative pre-requisites prior to filing this action.

31. Plaintiff has been damaged both emotionally and financially as a direct result of Defendant's discrimination and retaliation against Plaintiff in violation of 42 U.S.C. § 1981.

## COUNT I – RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

49. Plaintiff is a member of a protected class because he is a Black male.

50. Plaintiff was employed by Defendant as a utility maintenance operator.

51. Plaintiff was a qualified individual and desired to promote within Defendant's organization to open supervisory and managerial roles.

52. Plaintiff was qualified for the supervisory and managerial roles with Defendant's Public Utilities Department due, in large part, to Plaintiff's employment experience with the City of Tampa.

53. Plaintiff applied for various supervisory and managerial positions within the Defendant's Public Utilities Department in 2019 and 2020.

54. Defendant hired a less qualified individuals outside of Plaintiff's protected class for the available supervisory and managerial positions.

55. Plaintiff would have received the supervisory or managerial roles but for him being a Black male and a member of a protected class.

56. Defendant did not hire Plaintiff as a supervisor or manager because he is a Black male and member of a protected class.

57. Plaintiff was damaged by Defendant's refusal to hire Plaintiff as a supervisor or manager.

58. Plaintiff demands a trial by jury.

## COUNT II – RETALIATION IN VIOLATION OF THE FCRA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

60. In April 2020, Plaintiff made a good faith complaint to Defendant regarding race discrimination during his employment with Defendant.

61. Defendant hired an external consultant to investigate Plaintiff's complaints and the consultant substantiated Plaintiff's claims.

62. Defendant was infuriated by Plaintiff's good faith complaints about race discrimination in the workplace.

63. Defendant retaliated against Plaintiff for making a complaint of race discrimination by refusing to promote Plaintiff to any supervisory or managerial position within Defendant's organization.

64. Since April 2020, Plaintiff has continuously applied for promotions to supervisory or managerial roles within Defendant's Public Utilities Department. Nonetheless, Defendant has not promoted Plaintiff and has instead filled the positions with less qualified individuals.

65. But for Plaintiff's April 2020 complaint, Defendant would have promoted Plaintiff to a supervisory or managerial position within Defendant's Public Utilities Department.

66. Plaintiff was damaged as a direct result of Defendant terminating Plaintiff in retaliation for Plaintiff's good faith complaints.

67. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, back pay, front pay, liquidated damages, compensatory damages, punitive damages, together with costs and attorney's fees and such other further relief as this Court deems just and proper.

DATED this 9th day of May, 2022,

**<u>/S/ Kyle J. Lee</u>**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com